United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANASTASIA LIIKALA, | Case No. 23-cv-03612-PCP |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| BROOKALE SENIOR LIVING COMMUNITIES, INC., et al., | Re: Dkt. No. 26 |
| Defendants. | |

Plaintiff Anastasia Liikala alleges that her former employers Brookdale Senior Living, Inc. and Brookdale Senior Living Communities, Inc. (collectively, "Brookdale") violated her rights under California's Fair Employment and Housing Act (FEHA) by unlawfully terminating her for taking medical leave, and that Brookdale's agent Sedgwick Claims Management, Inc. participated in the violation of those rights. Defendant Sedgwick now moves to dismiss the case on statute of limitations grounds under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Sedgwick's motion is denied.

**BACKGROUND**

Liikala was employed by Brookdale as a full-time receptionist at an assisted living facility.[1] She alleges that she gave notice to Brookdale about her need for medical leave due to anxiety and PTSD from October 5, 2019 through October 12, 2019. On October 14, 2019, she allegedly requested to extend her medical leave to November 7, 2019. On October 15, 2019,

---

[1] The following facts are drawn from the complaint. In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009).

1    Liikala alleges that she received an email from Sedgwick (Brookdale's third-party leave

2    administrator) that acknowledged her request. She then purportedly received a COBRA packet on

3    October 18, 2019 stating that her employment and health insurance would be terminated by

4    Brookdale. But on October 29, 2019, Liikala was allegedly informed by Sedgwick that her

5    personal non-medical leave *was* in fact approved from October 5, 2019 to November 7, 2019.

6    Liikala alleges that she nonetheless received a letter from MetLife on October 31, 2019 stating that

7    her critical illness coverage was terminated as a result of her changed employment status with

8    Brookdale.

9          Assuming that she had been terminated, Liikala did not return to work on November 8,

10    2019. Thereafter on November 18, 2019, Liikala purportedly received a letter from Brookdale

11    stating that her personal leave of absence had been approved as of October 5, 2019, but that she

12    was expected to return to work on November 7, 2019 and failed to do so. The letter also stated that

13    Brookdale would assume she was resigning if she did not contact Brookdale's Executive Director

14    by November 20, 2019 indicating otherwise. Liikala alleges that she called the Executive Director

15    on November 19, 2019 and left a voicemail noting that she believed she was terminated, and that

16    he responded via text on November 21, 2019 that she was not terminated but that her position had

17    already been filled. Liikala's personnel file purportedly stated that she was terminated on October

18    13, 2019 and cites "Abandoned/Walked Off Job" as the reason for termination.

19          Liikala then timely filed a written complaint against Brookdale and Sedgwick with the

20    California Civil Rights Department (CCRD) on June 3, 2022. FEHA requires such a complaint to

21    be filed within 3 years of the alleged unlawful employer conduct. Cal. Gov't Code § 12960. The

22    CCRD issued a "right to sue" notice relating to Liikala's FEHA claims on the same day.

23          On May 31, 2023, just three days before the one-year statute of limitations would have

24    expired after issuance of the June 3, 2022 right to sue notice, Liikala filed a lawsuit against the

25    Brookdale defendants and Does 1–50 in California state court. Dkt. No. 1-3; Cal. Gov't Code §

26    12965(c)(1)(C). The Brookdale defendants answered the complaint on July 19, 2023. Dkt. No. 1-

27    4.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

On July 20, 2023, the Brookdale defendants removed the case to federal court, and on October 7, 2023, Liikala added Sedgwick as a defendant for the first time by filing an amended complaint. Dkt. No. 21. In her amended complaint, Liikala asserts seven causes of action under FEHA against both the Brookdale defendants and Sedgwick: (1) disability discrimination; (2) failure to provide reasonable accommodations; (3) failure to engage in an interactive process; (4) interference with the California Family Rights Act (CFRA); (5) retaliation; (6) failure to prevent discrimination and retaliation; and (7) aiding and abetting.

Sedgwick now moves to dismiss the complaint under Rule 12(b)(6), arguing that Liikala's FEHA claims against it are time-barred and that the relation-back doctrine does not apply.

## LEGAL STANDARDS

The Federal Rules require a complaint to include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664.

The statute of limitations generally is an affirmative defense rather than an element of the plaintiff's claim. *See, e.g.*, *Lasko v. Caliber Home Loans*, 2022 WL 728820, at *1 (9th Cir. Mar. 10, 2022) (recognizing that "a statute of limitations is an affirmative defense") (citing *United States v. Allahyari*, 980 F.3d 684, 686 (9th Cir. 2020)). As a result, the defense generally cannot be asserted on a Rule 12(b)(6) motion. "If the running of the statute is apparent on the face of the complaint," however, "the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled" or that the

3

1    claims were timely. *Id.* Thus, to survive a motion to dismiss, plaintiffs "simply need to plead facts

2    demonstrating a potential factual dispute that could affect whether the defense applies." *Rabin v.*

3    *Google LLC*, 2024 WL 1269313, at *2 (N.D. Cal. Mar. 26, 2024). "Only when the plaintiff pleads

4    itself out of court—that is, admits all the ingredients of an impenetrable defense—may a

5    complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Durnford v.*

6    *MusclePharm Corp.*, 907 F.3d 595, 604 (9th Cir. 2018).

**ANALYSIS**

8    Sedgwick argues that Liikala's FEHA claims against it are time-barred because her initial

9    complaint filed on May 31, 2023 in California state court named only the Brookdale defendants

10   and 50 Doe defendants, and the amended complaint adding Sedgwick as a defendant was filed

11   more than one year after the right to sue notice issued. *See* Cal. Gov't Code § 12965(c)(1)(C). The

12   parties agree that Liikala's claims against Sedgwick are timely only if they "relate back" to the

13   date on which she filed her original complaint in state court but disagree as to whether the

14   relation-back doctrine applies.

15   An amended complaint relates back to the filing of the original complaint if it satisfies

16   either state or federal law on the relation-back doctrine, employing whichever law affords the

17   "more permissive" standard. *Butler v. Nat'l Cmty Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th

18   Cir. 2014). In other words, relation-back is available if either state or federal law would permit it

19   under the circumstances presented here.

20   Sedgwick argues that the Court should apply the federal standard established in Federal

21   Rule of Civil Procedure 15(c) because California's relation-back doctrine is generally inapplicable

22   where a plaintiff adds a new defendant to an amended complaint. *Anderson v. Allstate Ins. Co.*,

23   630 F.2d 677, 683 (9th Cir. 1980) ("Under California law, if a defendant is added to an amended

24   complaint as a new defendant, and not as a Doe defendant, the amendment does not relate back to

25   the time of the original complaint."); *Woo v. Sup. Ct.*, 75 Cal. App. 4th 169, 176 (Cal. App. 1999)

26   ("The general rule is that an amended complaint that adds a new defendant does not relate back to

27   the date of filing the original complaint and the statute of limitations is applied as of the date the

28   amended complaint is filed, not the date the original complaint is filed."). In Sedgwick's view,

United States District Court
Northern District of California

4

Liikala satisfies neither the second nor third requirements of Rule 15(c), which make relation-back available only when the new defendant received notice of the action "within the period provided by Rule 4(m) [90 days] for serving the summons and complaint"; and when the new defendant within the same period knew "or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

In opposing Sedgwick's motion, Liikala does not contend that she can satisfy the requirements for relation-back under Rule 15(c). Instead, Liikala argues that the Court should apply California's relation-back standard. Acknowledging that California law generally does not permit relation-back for the addition of new parties in an amended complaint, Liikala argues that California Code of Civil Procedure § 474 provides an exception allowing for relation-back when a fictitious Doe defendant is sued in the initial complaint. That statutory provision provides that "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint … and when his true name is discovered, the pleading or proceeding must be amended accordingly." Cal. Code Civ. P. § 474. Unlike Federal Rule 15(c)(1)(C), this relation-back exception has no notice requirement. The exception only applies, however, when the amended complaint "does not add a new defendant, but simply corrects a misnomer by which an old defendant was sued." *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (Cal. App. 2004). Liikala argues that Sedgwick was a Doe defendant in the May 31, 2023 state court complaint against Brookdale that named Does 1–50, and that Section 474 therefore applies to her claims. Dkt. No. 1-3.

Because Liikala does not contend that she can satisfy the requirements for relation-back under Rule 15(c), the timeliness of her claims against Sedgwick turns upon whether her allegations suggest that she may be able to satisfy the requirements of Section 474.[2] Liikala's amended complaint pleads that the FEHA claims against Sedgwick are timely under Section 474's

---

[2] As noted already, a claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

United States District Court
Northern District of California

relation-back standard because the May 31, 2023 state court complaint against Brookdale and the fictitious Doe defendants was filed within the relevant one-year statute of limitations. *Jablon*, 614 F.2d at 682. Liikala also alleges that she was unaware of a potential cause of action against Sedgwick when the state court complaint was filed on May 31, 2023, and that she only became aware of a cause of action against Sedgwick under an agency theory after the California Supreme Court's August 21, 2023 decision in *Raines v. U.S. Healthworks Medical Group*, 15 Cal. 5th 268 (2023).

In contending that these allegations are insufficient to satisfy the requirements of Section 474, Sedgwick first argues that Section 474 is only available "to enable a plaintiff who is ignorant of the identity of the defendant to file his complaint before his claim is barred by the statute of limitations." *Barrows v. Am. Motors Corp.*, 144 Cal. App. 3d 1, 7 (Cal. App. 1983). Because Sedgwick was named in the June 3, 2022 CCRD complaint, Sedgwick contends that Liikala could not have been ignorant of its identity.

As the California Supreme Court has explained, however, "section 474 has not been interpreted literally" and "[t]he plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person, *or knew the name and all the facts but was unaware the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action*." *Marasco v. Wadsworth*, 21 Cal. 3d 82, 88 (1978) (citations omitted, emphasis added). Liikala alleges that she did not know that she had a valid basis to assert a claim against Sedgwick until after the original complaint was filed when *Raines* clarified that third-party administrators like Sedgwick could be liable as "employers" within the meaning of FEHA.[3] Under *Marasco*'s interpretation of Section 474, Liikala's pre-*Raines* ignorance of the legal basis for pursuing her claims against Sedgwick is sufficient to justify relation-back.

---

[3] In *Raines*, the California Supreme Court held that an employer's agent may fall within FEHA's definition of employer and be directly liable for FEHA violations when it carries out FEHA-regulated activities on behalf of an employer. *Id.* It was only after the *Raines* decision issued that Liikala and Brookdale stipulated to add Sedgwick as a defendant in this lawsuit. Dkt. No. 19.

1    Sedgwick separately argues that Section 474 does not apply because, by failing to

2    eliminate the Doe defendants in the amended federal complaint and failing to indicate in the

3    federal summons served on Sedgwick that Sedgwick was being sued in place of a prior fictitious

4    Doe defendant, Liikala did not follow the technical requirements of that provision. Dkt. No. 24;

5    *see* Cal. Code Civ. P. § 474 ("The certificate or affidavit of service must state the fictitious name

6    under which such defendant was served and the fact that notice of identity was given by

7    endorsement upon the document served as required by this section.").

8    The problem with Sedgwick's argument is that these technical procedural requirements of

9    Section 474 became inapplicable once Liikala's lawsuit was removed to federal court. The Ninth

10    Circuit has rejected the "contention that plaintiffs should be denied the three-year extension of the

11    statute of limitations provided by California Doe rules for failing strictly to comply with section

12    474's requirement that the new defendant be named and served as a person sued under a fictitious

13    name," on the ground that doing so "would effectively preclude invocation of the three-year

14    extension any time after removal of the action to federal court." *Lindley v. Gen. Elec. Co.*, 780

15    F.2d 797, 802 (9th Cir. 1986). Under *Lindley*, "strict compliance with section 474 is [not]

16    required" to permit relation-back. *Id.* at 801.[4]

17    In support of its contrary position, Sedgwick cites a pre-*Lindley* Ninth Circuit case holding

18    that a "district court was not clearly wrong in concluding that plaintiffs added [defendants] as new

19    defendants and not as fictitious defendants previously named [because] [t]he amended complaint

20    added their names to the list of previously-named individual and corporate defendants and retained

21    the listing of defendants Does 1 to 50." *Anderson*, 630 F.2d at 683. Sedgwick's reliance on

22    *Anderson*'s proposition that fictitious Doe defendants must be eliminated in the amended

23    complaint is misplaced, however, because the plaintiff in that case replaced a Doe defendant with

24    a named defendant *before* removal to federal court, at a time when California's Doe procedures

25

26    ───────────────

[4] While the plaintiff in *Lindley* had in fact eliminated the Doe defendants from its amended federal

27    complaint (something Liikala failed to do here), the *Lindley* Court expressly held that compliance
with the technical procedural requirements of Section 474 is not required because "California's

28    policy in favor of litigating cases on their merits requires that the fictitious name statute be
liberally construed." *Lindley*, 780 F.2d at 801. That holding is binding on this Court.

still applied. The posture in *Lindley* and here involved substitution *after* removal, at which point the amendment procedures set forth in Section 474 were unavailable. *Lindley*, 780 F.2d at 802 ("[T]he absence of a federal pleading mechanism comparable to section 474 should not deprive a plaintiff of the extension of the limitations period provided under California Doe practice."). As *Lindley* recognized, the substance of California's Doe doctrine, as set forth in Section 474, remains available to the plaintiff under *Erie*, but from the point of removal forward all matters of procedure (including whether Doe defendants must be eliminated from a complaint and what must be included in the federal summons) are governed by the Federal Rules rather than any state laws of procedure. *Id.* According to the Ninth Circuit, "A contrary rule … would result in the abridgment of substantive rights under state statutes of limitations." *Id.*

Because Liikala alleges that she was unaware of the legal basis for her causes of action against Sedgwick at the time she filed her original complaint against Brookdale and unnamed Doe defendants and that those Doe defendants stood in for Sedgwick prior to the filing of her amended complaint, her allegations satisfy the substantive requirements for relation-back under Section 474 and Sedgwick's motion to dismiss on statute of limitations ground must be denied.

## CONCLUSION

For the foregoing reasons, Sedgwick's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: July 10, 2024

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

8